IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BYRON M. STORY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0105-WS-B |
| | ) |
| **MILTON H. PURDY,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

On February 22, 2006, plaintiff's counsel, Tamara Story Knowles of Alexander City, Alabama, contacted the Clerk's Office requesting that this civil action be opened against defendants Milton H. Purdy, Kilhara Corporation, Inc., Leo Whitworth, Jr., Whitworth Builders, Inc., Whitworth Builders, LLC, and Whitworth Builders Realty, Inc.  Ms. Knowles properly registered with this District Court's Electronic Case Filing ("ECF") system and paid the requisite $250 filing fee on February 22, 2006.  To date, however, Ms. Knowles has failed to file the complaint or other initial pleading to initiate this action.  This omission is contrary to the Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama, which specifically provides that an attorney's e-filed complaint "must be filed the same day" that the initial request to open a new civil action is made.  (Administrative Procedure, at Section II.A.3(a).)

In the intervening two weeks, the Clerk's Office has exhausted all available tools at its disposal for contacting Ms. Knowles and making arrangements for submission of the complaint.  For example, on March 1, 2006, the Clerk's Office called Ms. Knowles at the telephone number she had provided, only to learn that it has been disconnected.  Follow-up emails sent by the Clerk's Office to Ms. Knowles on March 1, 2006 and March 6, 2006 at the email address she furnished have gone unanswered, and have not "bounced back" as undeliverable.  Also, on March 3, 2006, the Clerk's Office conducted research and found a telephone number for a "Tamara Story" in the 334 area code.  Two telephonic messages to that number in the last

several days have likewise yielded no response. Ms. Knowles has apparently made no attempt to contact anyone in the Clerk's Office regarding this matter since February 22, 2006.

The procedures of this District Court do not allow for a plaintiff to request opening of a new civil case file, then leave said file open indefinitely without filing an introductory pleading. Nor do they permit counsel to flout the Administrative Procedures, to ignore repeated telephonic and electronic messages by the Clerk's Office, or to fail to furnish accurate contact information. Under the circumstances, the Court must conclude that plaintiff, by and through counsel of record, has chosen to abandon this litigation and/or to disregard the clear procedures of this District Court. Faced with such overwhelming evidence of neglect, dilatory conduct and failure to prosecute, the Court exercises its inherent power by **dismissing** this action **without prejudice**.[1] Pursuant to that same inherent power and to discourage such abuses henceforth, the Court **sanctions** plaintiff by the full amount of the $250 filing fee paid on February 22, 2006. That sum will not be returned to plaintiff or his counsel, but instead will be deemed forfeited. Should Ms. Knowles' client wish to refile this action in this District Court, he will be required to pay the $250 filing fee anew, and otherwise to adhere to all published procedures and directives from the Clerk's Office.

**DONE** and **ORDERED** this 8th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs"); *In re BellSouth Corp.*, 334 F.3d 941, 951 (11th Cir. 2003) ("A court's inherent power to disqualify an attorney or otherwise sanction a party or attorney is rooted in concern for the integrity of the judiciary and the public's perception thereof."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions.").